**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0630n.06

**No. 09-5040**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Sep 28, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| NORMAN RICKS, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: BATCHELDER, Chief Judge; MOORE, and COOK, Circuit Judges.

COOK, Circuit Judge. The United States appeals the district court's decision to sentence Norman Ricks below the statutory mandatory minimum. Finding no evidence that the government obligated itself to pursue a downward departure, we reverse the district court's order denying the government's request to withdraw its § 5K1.1 motion, vacate Ricks's sentence, and remand for resentencing.

I.

Relying on audio-recorded sales Ricks made to various informants over a three-year period, the government charged Ricks with five criminal counts related to his distribution of cocaine base. Ricks signed a written plea acknowledging his guilt and agreeing to provide information about other criminal activity. The agreement contained a merger clause stating that it "constitute[d] the full and

complete agreement and understanding between the parties." Rather than obligating the government to press for a downward departure from the statutory mandatory minimum sentence under U.S.S.G. § 5K1.1, it provided an option that "[a]t the time of sentencing, the United States may bring to the Court's attention the nature, extent, and value of the defendant's forthrightness," and further enunciated that "[t]his information will be provided to the Court so that it may be considered in determining a fair and appropriate sentence under the facts of the case."

Following Ricks's guilty plea, the Presentence Investigation Report assigned him an adjusted offense level of 27 (which included a 3-point reduction for acceptance of responsibility) and a criminal history category of VI, resulting in an advisory Guidelines range from 130 to 162 months. Title 21 U.S.C. § 841(b)(1)(A) required the court to impose a minimum sentence of 10 years in prison unless the government requested a downward departure for substantial assistance under § 5K1.1. The court rescheduled Ricks's sentencing several times at the urging of both parties because Ricks continued to provide helpful information, and when Ricks asked the government to file a § 5K1.1 motion, the government agreed.

After filing the substantial assistance motion, however, the government learned that Ricks misled investigators as to his involvement in a murder. Concluding that Ricks breached one of the plea agreement's terms—"to be fully and completely truthful"—the government moved to withdraw the § 5K1.1 motion. Ricks objected to the withdrawal, arguing that the government bound itself to pursue the departure, and thus could renege only upon establishing Ricks's breach by a preponderance of the evidence. The district court agreed that the written plea agreement did not

obligate the government to seek the departure. It decided, however, that the parties formed a second, oral contract after executing the written plea by which the government agreed to press for a substantial-assistance-based downward departure on Ricks's behalf.

No record evidence supports the district court's finding. In fact, neither party so argued. The court nevertheless discerned a second agreement existed, explaining:

> I find that notwithstanding the integration clause in the plea agreement dated January 8th, 2007, that the subsequent course of dealings between Mr. Ricks and the government, which is evidenced at least by the government's motion or the filing of [the] government's motion for a 5K1.1 substantial assistance departure, and, presumably, by at least another document which was the *Kastigar* letter that's not present here in the court, evidences that the subsequent dealings . . . between the government and Mr. Ricks was contractual in nature. . . . [A]nd the contract dealt with the providing of information relating to other criminal activity between Mr. Ricks [and] the government. And there was an acceptance and rejection and adequate consideration or promissory estoppel, but that one of the terms of that contract, which was partially written and partially oral in nature, was that Mr. Ricks provide truthful information to the government.

With this the court concluded that the government orally bound itself to pursue the substantial assistance motion and, therefore, could not withdraw it absent a showing that Ricks breached his obligation to provide truthful information. In response to the government's contention that no such oral agreement existed, the court asked, "Well, then what obligation did Mr. Ricks have to do anything after execution of the first contract?" Beyond this speculation, the court failed to cite any evidence to support its factual finding.

After hearing evidence about the veracity of the information Ricks provided, the court held that the government failed to prove by a preponderance of the evidence that Ricks breached the plea agreement, accordingly denied the government's request to withdraw its substantial assistance motion, and sentenced Ricks to 100 months in prison—20 months fewer than the statutory mandatory minimum.

The government appealed, contending that the district court clearly erred when it found, without any evidentiary support, that a second, oral agreement prevented the government from withdrawing its substantial assistance motion.

## II.

Traditional and well-settled principles of contract law govern our interpretation and enforcement of plea agreements. *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). "There can be no contract without a 'meeting of the minds'. *Restatement (Second) of Contracts* § 17 comment c (1981). Whether or not there was a 'meeting of the minds' depends, of course, on what the parties to the plea agreement intended." *Robison* at 614.

The existence of an enforceable plea agreement is a question of fact, which we review for clear error. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002). If the terms of a plea agreement are ambiguous, their meaning rests on a determination of the intent of the parties which, as a question of fact, we review for clear error. *Id*. Where two permissible views of the evidence exist, the district court's choice between them does not constitute clear error. *Anderson v. Bessemer*

*City*, 470 U.S. 564, 573–74 (1985). But if we are "left with the definite and firm conviction that a mistake has been committed" when viewing the record as a whole, we may hold the district court's factual determination clearly erroneous. *Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 771 (6th Cir. 2007) (internal quotation marks and citation omitted). If, however, the terms are unambiguous, their construction is a question of law, which we review de novo. *United States v. Quesada*, 607 F.3d 1128, 1131 (6th Cir. 2010).

A. *Written Plea Agreement*

We first examine the district court's determination that the alternating voluntary and compulsory language of the plea agreement—with its "may" present Ricks's forthrightness to the court, and its "will" provide information for fair sentencing—did not compel the government to pursue a downward departure. Where a plea agreement requires the government to seek a downward departure in exchange for the defendant's substantial assistance, the government must do so absent a showing by a preponderance of the evidence that the defendant breached the agreement. *Lukse*, 286 F.3d at 910–12. But no case stands for the proposition that the language in Ricks's plea agreement—which fails to mention a § 5K1.1 motion at all—binds the government to recommend a departure. Moreover, even if we interpreted the agreement in Ricks's favor at every turn, it required the government at most to present information regarding Ricks's forthrightness to the court *in some form*, not necessarily by pressing for a downward departure. The district court correctly concluded that the written agreement failed to require that the government file or pursue a § 5K1.1 motion.

B. *Contract Modification*

We next review the district court's holding that the parties formed a second, oral contract, binding the government to its downward departure request unless it could show that Ricks breached the agreement first. Because no record evidence supports finding that the parties formed an oral contract, we view the holding as clear error. It seems the district court deduced its existence simply from Ricks's continued cooperation after signing his written plea and the government's decision to file a downward departure motion. Yet, not even Ricks argued that he had such an oral agreement from the government. When the district court told Ricks's attorney that he must convince the court "that there was either a completely separate subsequent agreement, or . . . somehow get around that integration clause," Ricks's attorney contended only that the government's filing of a § 5K1.1 motion amended the initial plea agreement's terms to require the government to advocate for the departure rather than withdraw its recommendation. As the government notes, if neither party believed that an oral contract existed, the requisite meeting of the minds could not have occurred. And the court acknowledged as much when it commented that to enforce the alleged contract, the court must flesh out its oral terms.

Ricks's argument that the government's initial downward departure motion amended the written plea agreement's terms also fails. In order for there to be a later, binding modification of Ricks's original plea agreement, there would have to be some indication that both parties intended to create additional obligations. Otherwise, there could be no "meeting of the minds." *Robison,* 924 F.2d at 614. The § 5K1.1 motion does not evidence such intent. All it demonstrates is that the

government decided to exercise its discretion and move for a downward departure.  Nothing about this motion suggests that the government in any way felt bound to file a motion or thought itself precluded from later withdrawing the motion.

Because no evidence of a second, oral agreement exists and because the government's filing of a § 5K1.1 motion cannot suffice to modify Ricks's written plea, the district court clearly erred when it found the government obligated to recommend the departure.

### III.

The district court correctly held that the written plea agreement did not require the government to seek a downward departure, but clearly erred when it found that a subsequent contract modification occurred.  Accordingly, we reverse the court's order denying the government's request to withdraw its § 5K1.1 motion, vacate Ricks's sentence, and remand for resentencing.