NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0071n.06

No. 12-4178

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 28, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Plaintiff-Appellee, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| v. | ) | |
| | ) | |
| TERRANCE WHITE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BOGGS, NORRIS, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Pursuant to a plea agreement, Defendant Terrance White pleaded guilty of conspiring to distribute heroin and was sentenced to 240 months in prison. White appeals, asserting that the Government breached the plea agreement by not moving for a substantial-assistance downward departure, U.S.S.G. § 5K1.1, and that his sentence is procedurally and substantively unreasonable because mandatory minimum sentences are unconstitutional and void as against public policy. We AFFIRM.

**I.**

During an investigation of heroin traffickers in the Cincinnati area in early 2011, the Drug Enforcement Administration learned that known-trafficker Edward

1

Larkins was distributing multi-ounce quantities of heroin for redistribution. A 30-day wiretap on Larkins's cellphone led to the identification of others involved in the heroin trade, including White. Between April and May 2011, White and Larkins spoke on a number of occasions, and Larkins agreed to sell gram to multi-ounce quantities of heroin to White. Larkins and White possessed and distributed approximately 2.5 kilos of heroin.

A grand-jury indictment charged White with one count of conspiring to distribute heroin, 21 U.S.C. § 846, and one count of using a telephone to facilitate the purchase of heroin, 21 U.S.C. § 843(b). Pursuant to a sealed plea agreement under which the Government reserved complete discretion to file a substantial-assistance motion, U.S.S.G. § 5K1.1, White pleaded guilty to the conspiracy count. The Government did not move for a downward departure at sentencing, having concluded that information White provided "did not progress to the stage where it could be of substantial assistance in the investigation and prosecution of another person, which is the requirement for the 5K."

The district court sentenced White to the statutory mandatory minimum of 240 months, below the 262- to 327-month Guidelines range.

## II.

White first argues that the Government modified the plea agreement such that White needed only to "cooperate" to receive a § 5K1.1 substantial-assistance departure, that the Government induced White to enter his guilty plea with that understanding, and that the

Government's refusal to move for a § 5K1.1 downward departure breached the modified plea agreement. White contends that this court may review the Government's conduct for breach because the Government's oral modification of the plea agreement bargained away its discretion.

**A.**

Plea agreements "are essentially contracts." *Puckett v. United States*, 556 U.S. 129, 137 (2009). The question whether the Government's conduct violated a plea agreement is reviewed de novo. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000). But because White did not assert below that the Government modified or breached the plea agreement, our review is for plain error. *United States v. Mack*, 729 F.3d 594, 607 (6th Cir. 2013). We may reverse only if we find error, that is "plain," i.e., clear or obvious, and that affects the defendant's substantial rights. *Id.* "If these three conditions are met, then we may exercise our discretion to notice the forfeited error, but only if we find the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

When the government has not reserved discretion whether to make a motion for a downward departure in a plea agreement, the government is obligated to so move unless the defendant breaches the plea agreement. *United States v. Villareal*, 491 F.3d 605, 608–09 (6th Cir. 2007); *United States v. Benjamin*, 138 F.3d 1069, 1073 (6th Cir. 1998). But where "a plea agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, we may only review the government's decision for unconstitutional motives." *United*

3

*States v. Hawkins*, 274 F.3d 420, 427 (6th Cir. 2001); *see also United States v. Gates*, 461 F.3d 703, 711 (6th Cir. 2006). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade v. United States*, 504 U.S. 181, 185–86 (1992).

**B.**

White does not allege any unconstitutional motive. Rather, he asserts that the Government bargained away its discretion whether to move for a § 5K1.1 departure by modifying the plea agreement during a sidebar discussion at the change-of-plea hearing by agreeing that White needed only to cooperate to be entitled to a substantial-assistance departure.

The written plea agreement provided that, in exchange for White's guilty plea to the conspiracy to distribute heroin charge, the Government would dismiss the remaining count (using a telephone to facilitate the purchase of heroin), PID 1360, and amend the information "pursuant to 21 U.S.C. § 851 to reflect one prior felony drug conviction which will reduce his possible sentence to the mandatory minimum of 20 years to life in prison." R. 424 (Sealed/Available on Judge Point); PSR ¶¶ 7,17 and p. 36. The Government also agreed to recommend a two-level adjustment for acceptance of responsibility, PID 1612, and

> to file, upon the defendant's substantial assistance, a motion with the Court for a downward departure from the guideline sentence, stating that the defendant has made a good faith effort to provide substantial assistance in the investigation and prosecution of other persons who have committed offenses. The filing of such motion shall be in the sole discretion of the United States Attorney who shall solely determine if substantial assistance has been

4

provided. The defendant understands that if the motion is filed, it is not binding on the Court. Such a motion is authorized by § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e). The defendant understands that if the Court does not follow the recommendations in the Plea Agreement, he does not have the right to withdraw his plea.

R. 424.

Quoted below is the pertinent portion of the sidebar conference during which White maintains the Government modified the plea agreement and bargained away its discretion whether to file a § 5K1.1 downward-departure motion:

> MR. BRICHLER: [] the Plea Agreement in paragraph five indicates that Mr. White is a . . . career offender, but he has two prior felony drug convictions and that his sentence would be life if he were convicted as the Indictment stands now.
> . . . .
> The government has agreed . . . . at the time of this sentencing to amend the enhancement that we filed . . . . He will have one prior [felony drug conviction] instead of two . . . What that does is, that reduces the maximum penalty from life to 20 years to life.
>
> THE COURT: Okay. But there's no understandings [sic] as to what Judge Dlott's ultimate sentence would be?
>
> MR. BRICHLER: Anywhere between 20 years and life.
> . . . .
> Sentencing guideline level recommended is 32. That's based upon the amount of drugs that the readily provable facts would have been attributed to Mr. White and his co-conspirators.
> By signing the Plea Agreement, he admits that he knowingly participated in the conspiracy that distributed between one and three kilos between April 11th and May 9th of this past year. He waives his right to a determination of the weight of the controlled substance.
> And then it speaks about . . . if he is found to be a career offender, his offense level would be 37.
> . . . .
> He would conceivably – if he is a career offender, he could conceivably have a higher range than the 20 years . . .

5

. . . .

And then his statements given to us are not to be taken into account in the determination of –

THE COURT:  And then if Terrance helps you, is he going to be eligible for another break?

MR. BRICHLER:  That's correct, Your Honor.  Paragraph six [of the plea agreement] states that the government has agreed to file, upon his substantial assistance, a motion with the Court for a downward departure from the guideline sentence stating that he made a good faith effort to provide substantial assistance in the investigation and the prosecution of other persons who have committed offenses.

The filing of that motion would be in the sole discretion of the United States Attorney who shall solely determine if substantial assistance has been provided.

He understands that if a motion is filed, it's not binding on the Court.  It is authorized by section 5K1.1 of the Sentencing Guidelines and 18 United States Code 3553(e).

He understands that if the Court does not follow the recommendations in the Plea Agreement, he does not have the right to withdraw this plea
. . . .

THE DEFENDANT:  Can I say something?
THE COURT:  Yeah, go ahead.
THE DEFENDANT:  So you said something about Level 37.  That's going to enhance my minimum?

MR. BRICHLER:  No, no. . . . the mandatory minimum is going to be 20 years.

THE DEFENDANT:  All right.

MR. BRICHLER:  Now, if you're a career offender and you're a 37 instead of a 32, that just increases the range, the guideline range that's found by the Probation Department.  It does not increase the mandatory minimum.  Okay?  So your lawyer can argue any sentence down to the 20 years even if the guidelines are more than 20 years.  If you cooperate –

THE COURT:  If he cooperates, he can go below that though, right?

MR. BRICHLER: He can go below 20 if he cooperates.

THE DEFENDANT: That's what I'm saying. So if the 20 is mandatory, I can't get it under 20 if I cooperate?

THE COURT: No, no. If you cooperate, you can actually bring it under 20.

THE DEFENDANT: Oh.

THE COURT: Right. Is that right, guys?

MR. BRICHLER: Right. That's correct.

THE COURT: That's the way I read it.

MS. CROSS: That's correct.
. . . .
(Sidebar conference concluded.)

R. 555.

AUSA Brichler read the rest of the plea agreement in open court and stated, "[t]hat's the entire Plea Agreement. There are no other provisions or understandings. It's signed by myself, by Mr. White and his attorney, Wende Cross." PID 1613. The district court asked White, "Did you sign that because that is your understanding of the plea arrangement? That and the conversations we've had in court, that's your understanding of the plea arrangement you and your attorney have reached with the government?" White answered "yes." PID 1613. The district court asked White if any other promises had been made to him, and he responded "no." PID 1614. Finally, the district court asked White, "In light of all the conversations we've had,

7

Terrance, about the Plea Agreement and your rights, I'll ask you for the last time: How do you wish to plead to the charge . . . ?" White responded "guilty." PID 1616.

## C.

White's contention that the Government modified the plea agreement at the sidebar discussion during the change-of-plea hearing is belied by the record. Paragraph six of the written plea agreement explicitly reserved to the United States Attorney sole discretion to determine whether White had provided substantial assistance. R. 424 ¶ 6. Rather than retreat from this provision, the AUSA read paragraph six of the plea agreement verbatim into the record at the change of plea hearing. The mere fact that later in the hearing the AUSA and district court used the term "cooperates" instead of "renders substantial assistance" did not modify the plea agreement. *See e.g., United States v. Race*, 182 F.3d 919, 1999 WL 503573, at *3 (6th Cir. 1999) (table disposition) (noting that the prosecutor's use at the change of plea hearing of the term "will" instead of "may" when summarizing the plea agreement "suggested a lack of discretion, [but] it hardly showed an intention to modify the written agreement."). "In order for there to be a later, binding modification of [the] original plea agreement, there would have to be some indication that both parties intended to create additional [or different] obligations." *United States v. Ricks*, 398 F. App'x 135, 138 (6th Cir. 2010). There is no indication that the Government so intended here; there was no meeting of the minds regarding a modification.

Because the Government reserved complete discretion in the written plea agreement and at the change-of-plea hearing, this court may only review the government's decision not to move for a substantial-assistance downward departure for unconstitutional motives,

*Wade*, 504 U.S. at 185–86; *United States v. Gates*, 461 F.3d 703, 711 (6th Cir. 2006), and White advances no such motive.

We do not address White's argument that he is entitled to specific performance beyond noting that, if the Government were compelled to file a substantial-assistance motion, the district court would not be able to depart below the 240-month statutory minimum because White did not provide substantial assistance. *See United States v. Maduka*, 104 F.3d 891, 894–95 (6th Cir. 1997) (Section 5K1.1 "requires a defendant to provide substantial assistance in fact").

**D.**

White's remaining argument regarding the plea agreement–that it contains a material ambiguity–is raised for the first time on appeal and is thus subject to plain-error review. *Mack*, 729 F.3d at 607. White asserts that the written agreement required "either actual substantial assistance *or* a good faith effort to provide substantial assistance," and that since two understandings of the written agreement are possible, extrinsic evidence may provide insight into the parties' intent. White maintains that the Government injected a third standard at the change-of-plea hearing–mere cooperation, and it was thus impossible for him to have understood his obligations under the plea agreement to earn the government's 5K1.1 motion. Def.'s Br. at 30.

White's argument fails because, assuming without deciding that the plea agreement is ambiguous, the ambiguity is not so obvious as to constitute plain error. *See, e.g., United States v. Cogley*, 38 F. App'x 231, 235–36 (6th Cir. 2002) (noting that where the defendant failed to preserve the alleged breach of the plea agreement in district court and there was no

obvious breach of the plea agreement, "[e]ven were we to find the plea agreement . . . ambiguous, ambiguity – by definition – cannot be so obvious as to constitute 'plain error' . . . . Plea agreements whose terms are subject to equally plausible interpretations . . . should not be reversed on plain error review, because, absent demur by the defendant, the trial court has no independent reason to believe a breach has occurred."); *United States v. Koeberlein*, 161 F.3d 946, 952 (6th Cir. 1998) (noting that even assuming the plea agreement was ambiguous, the defendant had notice and opportunity to object to a potential breach and there was thus no plain error).

### III.

White's final argument is that his 240-month sentence is procedurally and substantively unreasonable because mandatory minimum sentences are unconstitutional and void as against public policy.

A constitutional challenge to a sentence is a question of law we review de novo. *United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011). Here, however, White brings this challenge solely to preserve it for post-conviction proceedings, conceding that his substantive due process and separation of powers arguments are foreclosed by the law of this circuit. Def.'s Br. at 31-34. *See Hughes*, 632 F.3d at 962 (observing that enactments that do not encroach on fundamental rights are endowed with a presumption of legislative validity and that the burden is on the challenger to show that there is no rational connection between the enactment and a legitimate governmental interest); *United States v. Cecil*, 615 F.3d 678, 696 (6th Cir. 2010) (noting that this court has flatly rejected the claim that mandatory minimums unconstitutionally violate separation-of-powers principles, citing

10

*United States v. Odeneal*, 517 F.3d 406, 414 (6th Cir. 2008)).

White also asserts that widespread opposition to the statutory minimum mandatory sentencing regime and recent bi-partisan legislation to amend 18 U.S.C. § 3553 introduced in the United States Senate, the Justice Safety Valve Act of 2013, S. 619, 113th Cong. (1st Sess. 2013), have rendered mandatory terms of imprisonment void as against public policy.

We appreciate that a change in the mandatory-minimum sentencing regime may be on the horizon, but White cites no authority to support that we have the power to invalidate a federal criminal statute on the basis of public policy.

White's constitutional challenges to his mandatory minimum sentence are preserved but rejected.

## IV.

We AFFIRM the 240-month mandatory minimum sentence the district court imposed.