**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0672n.06

No. 12-4372

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jul 19, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DANIEL W. BALL, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |

BEFORE:  MOORE, CLAY, and WHITE, Circuit Judges.

PER CURIAM.  Daniel W. Ball, a federal prisoner, appeals the sentence imposed following his guilty plea to a charge of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

Ball was charged with downloading child pornography to his computer over a one-and-a-half year period.  He entered a guilty plea to the charge in 2012.  A presentence report was prepared, which calculated Ball's base offense level as 22 under USSG § 2G2.2(a)(2), added fifteen levels under § 2G2.2(b)(2) (images of prepubescent minors), (3)(F) (using a public file-sharing program), (4) (material that portrays sadistic or masochistic content), (6) (using a computer), and (7)(D) (600 or more images), and subtracted three levels for Ball's acceptance of responsibility.  After noting Ball's lack of any criminal history, the report calculated Ball's guidelines range at 151 to 188 months' imprisonment. The statutory mandatory minimum sentence for receiving child pornography is five years' imprisonment.  18 U.S.C. § 2252(b)(1).  At the sentencing hearing, the district court criticized the government for charging Ball with a crime carrying a mandatory minimum sentence,

opining that the sentence was longer than necessary to comply with the purposes of sentencing. Nevertheless, the district court imposed the mandatory minimum sentence.

On appeal, Ball argues that his sentence violates the Eighth Amendment because it is disproportionate to his crime, noting that state punishments for the same offense are much lower and that courts and the American Bar Association have criticized the mandatory minimum sentences for child pornography; and that the use of mandatory minimum sentences without a safety valve provision violates the principles of separation of powers and due process.

"The Supreme Court has adopted a 'narrow proportionality principle' in evaluating Eighth Amendment claims" and only "'extreme sentences that are grossly disproportionate to the crime'" are forbidden by the Eighth Amendment. *United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 997, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)). For example, in *Hughes* we held that a mandatory ten-year sentence was not grossly disproportionate to the crime of attempting to entice a minor into sexual relations. *Id.* at 959. We have consistently recognized the seriousness of crimes involving the sexual exploitation of minors. *Id.* at 959–60; *United States v. Dobrowolski*, 406 F. App'x 11, 13–14 (6th Cir. 2010). Ball pled guilty to the possession of over 600 images of child pornography, including a video that depicted the sexual penetration of a female victim who was approximately two-years old. A Child Identification Report from the National Center for Missing and Exploited Children indicated that 176 images and two of the videos found on Ball's computer contained identified victims. Ball's crime was quite serious and a five-year sentence was not extreme or grossly disproportionate.

Regarding Ball's argument that the use of a mandatory-minimum sentence without a safety-valve provision violates the principles of separation of powers and due process, in *Mistretta v. United States*, 488 U.S. 361, 364 (1989), the Supreme Court held that Congress has the power to fix sentences for crimes, and that the scope of judicial discretion in sentencing is subject to congressional control. *Accord United States v. Odeneal*, 517 F.3d 406, 414 (6th Cir. 2008). Ball fails to meaningfully distinguish his case from this precedent.

Accordingly, we AFFIRM the district court's judgment.