**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0831n.06

**No. 12-3803**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 16, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | On Appeal from the United |
| | ) | States District Court for the |
| v. | ) | Northern District of Ohio |
| | ) | |
| JOSHUA JAMERSON, | ) | OPINION |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    GIBBONS and STRANCH, Circuit Judges; HOOD, District Judge.[*]

**HOOD, District Judge**. Appellant Joshua Jamerson ("Jamerson") appeals the Judgment and sentence imposed by the district court after Jamerson's plea of guilty, without a plea agreement, to receipt of child pornography under 18 U.S.C. § 2252(a)(2) and (b)(1). For the reasons set forth below, the district court's judgment is AFFIRMED.

## I. BACKGROUND

On June 9, 2011, Jamerson was charged in a one-count information with knowingly receiving visual depictions of minors engaged in sexually explicit conduct via computer between March 26, 2010, and July 22, 2010, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Jamerson entered a plea of guilty on September 14, 2011. Prior to sentencing, Jamerson underwent a psychiatric evaluation.

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

-1-

He was diagnosed with several mental health issues, including schizophrenia, depression, paranoia and psychopathic deviation.

Jamerson was sentenced on June 18, 2012 to a 60-month term of imprisonment, followed by 10 years of supervised release and the fine waived. The district judge determined the advisory guideline imprisonment range of 108 to 135 months, with at least 5 years of supervised release, and a fine range of $15,000 to $150,000, based on a total offense level of 30 and criminal history category II. The district judge explained that he departed downward to the statutory minimum of 60 months because he had no alternative under the statute. The district judge noted that the sentences were "driven largely by Congressional and/or political pressure," and were "not commensurate with the individual circumstances of the case."

Jamerson timely filed a notice of appeal from the judgment and sentence imposed by the district court raising three arguments. Jurisdiction is proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Jamerson essentially raises a fairness argument as to the 60-month mandatory minimum sentence he received from the district court. He first argues that the statute is vague because the receipt of child pornography statute carries a 60-month mandatory minimum, whereas the possession of child pornography statute does not. Jamerson next argues that the mandatory minimum sentence of 60 months is cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Jamerson's final argument is that the mandatory sentencing requirement violates the separation of powers between Congress, the Executive Branch and the Judiciary. The government

responds that the district court did not abuse its discretion when it varied downward to the 60-month statutory minimum sentence.

## II.  ANALYSIS

### A.    Void for Vagueness

Jamerson did not raise his void-for-vagueness constitutional claim before the district court, other than noting at the sentencing hearing that "there would be a plea on behalf of the defendant to at least have the Sixth Circuit address the difference between the charges which create a mandatory minimum versus those that do not[,] . . . specifically as to the receipt of child pornography versus the possession of child pornography."  The district judge did not address the void-for-vagueness argument at the sentencing hearing.

We generally do not review arguments that are raised for the first time on appeal.  *United States v. Henry,* 429 F.3d 603, 618 (6th Cir. 2005).  Rule 12(b)(3) of the Rules of Criminal Procedure lists motions which must be made before trial including, a motion alleging that the information fails to state an offense.  *See* Fed. R. Crim. P. 12(b)(3)(B).  In a related context, we have held that an appellate court is "categorically without jurisdiction" to hear arguments regarding such pre-trial motions that are raised for the first time on appeal.  *United States v. Yannott,* 42 F.3d 999, 1005 (6th Cir. 1994).  But where, as here, a claim of constitutional deficiency is made, we may review for plain error, correcting the district court only if we find:  "(1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Bazazpour,* 690 F.3d 796, 801 (6th Cir. 2012) (quoting *Johnson v. United States,* 520 U.S. 461, 466  67 (1997)) (alteration and internal quotation

marks omitted). If these three conditions are met, we may then exercise discretion to notice a forfeited error, but only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson,* 520 U.S. at 467) (alteration omitted).

Generally, a duly enacted statute has the presumption of constitutionality. *U.S. ex rel. Atty. Gen. v. Del. & Hudson Co.*, 213 U.S. 366, 407–08 (1909). The Due Process Clauses of the Fifth Amendment provides the constitutional foundation for the void-for-vagueness doctrine with respect to statutes enacted by Congress. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1104 (6th Cir. 1995). A criminal ordinance or statute violates the Constitution if: (1) it fails to define the offense with sufficient definiteness that ordinary people can understand prohibited conduct; and (2) it fails to establish standards to permit the police to enforce the law in a non-arbitrary, non-discriminatory manner. *See Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983). A statute or regulation may be vague if it fails to give fair warning as to what conduct is prohibited. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). A statute is vague, not because "it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971).

We have held that conviction for both receipt and possession of the same child pornography obtained via the internet is a double jeopardy violation. *United States v. Ehle,* 640 F.3d 689, 698 (6th Cir. 2011). "[W]hile possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses." *United States v. Dudeck,* 657 F.3d 424, 430 (6th Cir. 2011).

-4-

Jamerson was not charged with possession of child pornography, but was charged with and pled guilty to a single count of receipt of child pornography under 18 U.S.C. § 2252(a)(2), which carries a mandatory minimum sentence of five years. Jamerson does not argue in his opening brief that any of the phrases or words found in § 2252(a)(2) are vague. Rather, Jamerson questions "how and by what standard" the receipt and possession statute merits an extensive term of incarceration while the possession statute does not mandate any prison time. Jamerson argues that the two statutes are essentially the exact same offense and that the terms "receipt" and "possession" are synonymous and interchangeable.

We have addressed the legislative history of the two statutes, noting that the 1990 amendments to the child pornography statutes, which already included "knowingly receiving" child pornography, added the crime of "knowingly possessing" child pornography as a gap-filling provision. *Ehle,* 640 F.3d at 698. The added crime of "knowingly possessing" targeted those individuals who "possessed" child pornography, relieving the government from having to prove receipt of child pornography. In *Dudeck,* 657 F.3d at 430, we held that "while possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses." In light of the legislative history of the two statutes, the two terms, "receipt" and "possession," are neither synonymous nor interchangeable. We found that the two offenses can stand if separate facts support each of them. Congress intended to clarify the difference between receipt and possession of child

pornography, and its decision to add the possession statute as a gap-filler shows that the two terms are neither synonymous nor interchangeable.

Vagueness challenges to an offense will not be entertained where a defendant's conduct clearly falls within the ambit of the statute. *See United States v. Kemell,* 667 F.3d 746, 750 (6th Cir. 2012). In this case, Jamerson, by entering a plea of guilty to the receipt charge, admitted to receiving child pornography. Jamerson does not seek to set aside his guilty plea before the district court, nor does he seek to change his plea on appeal.

Jamerson does not challenge the government's decision to charge him with the receipt offense, as opposed to the possession offense. It is well established that prosecutors have broad discretion in charging decisions. *See Gardenhire v. Schubert,* 205 F.3d 303, 319 (6th Cir. 2000). Even when two statutes with "identical elements" prohibit the same criminal conduct but provide different penalties, the government may prosecute under either statute "so long as it does not discriminate against any class of defendants." *United States v. Batchelder,* 442 U.S. 114, 124 25 (1979). A criminal defendant has no constitutional right to choose which penalty he will receive. *Id.* at 125. Because possession is a lesser-included offense of the receipt charge, the penalty for possession is less than the receipt of child pornography offense and the government has the broad discretion to charge Jamerson with the offense carrying the higher penalty.

In his reply brief, Jamerson argues that based on the record, it is clear that he is not a person of ordinary intelligence sufficient to receive fair notice of what constitutes prohibited criminal conduct under the statute. However, fair notice of what is prohibited in a criminal statute is not

measured by a particular defendant's intelligence, but is measured by a person with ordinary intelligence. *See United States v. Williams,* 553 U.S. 285, 306 (2008). Jamerson does not argue that the statute fails to give fair notice of the prohibited criminal conduct to a person with ordinary intelligence. Jamerson's mental status does not render the statute vague.

The district judge did not commit plain error when Jamerson was sentenced to the 60-month mandatory minimum set forth in § 2252(a)(2) and (b), a significant downward departure from the advisory sentencing guidelines of 108 to 135 months. Jamerson has not shown that the statute is void for vagueness.

## B.      Cruel and Unusual Punishment

Jamerson next argues that the 60-month mandatory minimum sentence under the receipt statute, § 2252(a)(2) and (b), is cruel and unusual punishment, due to Jamerson's mental status. Again, Jamerson did not frame his argument before the district court as an Eighth Amendment claim.

Constitutional challenges to a sentence present questions of law that are reviewed *de novo*. *United States v. Jones,* 569 F.3d 569, 573 (6th Cir. 2009). The Eighth Amendment forbids "extreme sentences that are grossly disproportionate to the crime." *Harmelin v. Michigan,* 501 U.S. 957, 1001 (1991) (internal quotation marks omitted) (Kennedy, J. concurring in part and concurring in the judgment); *see also United States v. Layne,* 324 F.3d 464, 473 (6th Cir. 2003). "The Supreme Court has adopted a 'narrow proportionality principle' in evaluating Eight Amendment claims." *United States v. Hughes,* 632 F.3d 956, 959 (6th Cir. 2011) (quoting *Harmelin,* 501 U.S. at 997). The Eighth Amendment does not require strict proportionality between crime and sentence; "only an

extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Moore,* 643 F.3d 451, 454 (6th Cir. 2011) (internal quotation marks omitted). "A defendant challenging [a] sentence under the Eighth Amendment has a tremendously difficult burden to meet." *Hughes,* 632 F.3d at 959. Generally, a sentence within statutory limitations does not violate the Eighth Amendment. *Layne,* 324 F.3d at 474; *United States v. Williams,* 15 F.3d 1356, 1364 (6th Cir. 1994). We have held that the ten-year mandatory minimum sentence under 18 U.S.C. § 2422(b) raises no inference that it is grossly disproportionate. *Hughes,* 632 F.3d at 960.

Jamerson cites *United States v. Rothwell,* 847 F. Supp. 2d 1048 (E.D. Tenn. 2012), in support of his argument that his sentence should be below the 60-month mandatory minimum sentence under § 2252(a)(2), comparing his own mental status to that of the defendant in *Rothwell*. However, the defendant in *Rothwell* was convicted of attempting to possess child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), whereas Jamerson pled guilty to receiving child pornography under 18 U.S.C. § 2252(a)(2). The attempt statute does not contain a mandatory minimum sentence. The *Rothwell* court departed downward from the sentencing guideline range of 27 to 32 months to 18 months, finding that the departure was warranted due to the defendant's mental capacity. 847 F. Supp. 2d at 1061 63. Since there was no mandatory minimum involved in *Rothwell,* the district court had the discretion to depart below the advisory sentencing guidelines.

In this case, the district judge also departed downward from the sentencing guideline range of 108 to 135 months to the 60-month mandatory minimum required under § 2252(a)(2) and (b) due to Jamerson's mental capacity. Although the district judge noted he was bound by the 60-month

mandatory minimum under the statute, the judge expressed an opinion that if he were able to go below the mandatory minimum, he would do so. Jamerson argues that the district court below was "hamstrung" in imposing a sentence it did not support and sentenced Jamerson to the mandatory minimum which the district court "blatantly dispute[s] the wisdom of." We have noted that when a court disagrees with a mandatory minimum, the minimum prevails and the district court's desire to sentence below the minimum does not render a statutory mandatory minimum sentence unreasonable. *United States v. Cecil,* 615 F.3d 678, 695 (6th Cir. 2010). Jamerson has not carried his heavy burden to show that the 60-month mandatory minimum set forth in § 2252(a)(2) constitutes cruel and unusual punishment.

## C.    Separation of Powers

Jamerson concedes in his reply brief that it is well established in this circuit that statutory mandatory sentences do not violate the separation-of-powers doctrine. Yet, he continues to assert a policy argument that the mandatory minimums effectively usurp the power of the judiciary and place the job of fashioning an appropriate sentence in the hands of the legislature and the prosecuting attorney.

As conceded by Jamerson, statutory mandatory sentences do not violate the separation-of-powers doctrine. *Cecil,* 615 F.3d at 695 96. Congress has broad authority to determine the appropriate punishment for federal crimes and thereby restrict the sentence a court may impose. *Mistretta v. United States,* 488 U.S. 361, 363 64 (1989); *Kimbrough v. United States,* 552 U.S. 85, 108 (2007) (Congress has the authority to set criminal sentences, including mandatory minimum

sentences).  A mandatory sentence enacted by Congress does not violate the separation-of-powers doctrine.  *United States v. Odeneal,* 517 F.3d 406, 414  15 (6th Cir. 2008).

**D.      Reasonableness of Sentence Imposed**

Jamerson also concedes that the district court did not abuse its discretion in varying downward to the statutory minimum, but restates his policy arguments related to mandatory sentences.  A district court's judgment of sentence is reviewed for reasonableness.  *United States v. Jones,* 445 F.3d 865, 869 (6th Cir. 2006).  A sentence imposed within the properly calculated advisory guidelines range is afforded a rebuttable presumption of reasonableness, and the party arguing that the sentence is unreasonable has the burden to show unreasonableness.  *Id.*; *see also United States v. Williams,* 436 F.3d 706, 708 (6th Cir. 2006).  A sentence should reflect the factors listed in 18 U.S.C. § 3553(a).  *United States v. Deen,* 706 F.3d 760, 763 n.1 (6th Cir. 2013).  The district court considered these factors and explained that its downward departure to the minimum 60-month sentence was sufficient, but not greater than necessary to accomplish the sentencing goals set forth in § 3553(a).  The sentence imposed by the district court, which departed downward to the 60-month mandatory minimum from the advisory guideline range of 108 to 135 months, is reasonable.

**III.  CONCLUSION**

For the reasons set forth above, the district court's judgment and imposition of sentence is AFFIRMED.