**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0323n.06

No. 15-3863

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jun 14, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| SAMUEL E. CONDO, JR., | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, ROGERS, and STRANCH, Circuit Judges.


PER CURIAM. Samuel E. Condo, Jr., a federal prisoner, appeals the sentence of 188 months of imprisonment imposed following his guilty plea to charges of enticement, receipt and transport of visual depictions of minors engaged in sexually explicit conduct, transfer of obscene material to a minor, and travel to engage in illicit sexual conduct.

Condo was sentenced at the bottom of the guidelines-range computation, to which no objections were raised. He argues that the district court issued a procedurally unreasonable sentence because it "gave scant consideration" to the sentencing factors within 18 U.S.C. § 3553(a), including Condo's personal history of mental illness and the fact of his having been molested at a young age. Appellant's Br. at 24. He also argues that the district court issued a substantively unreasonable sentence because the district court did not take into consideration Condo's characteristics as a victim of sexual abuse and his potential for rehabilitation. *Id*. at 28.

He further argues that the district court should have granted a departure or variance from the guidelines range based on consideration of the sentencing factors, particularly his history of sexual abuse as a child. Finally, he argues that his sentence violates the Eighth Amendment because his criminal history category of II overstated his criminal history, which consisted of two convictions of driving under the influence, and because the district court failed to consider his characteristics as a victim of childhood sexual abuse and his need for rehabilitation. *Id.* at 30-31, 31-40.

We generally review a criminal sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence within the guideline range is entitled to a rebuttable presumption of substantive reasonableness. *United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006). "However, where . . . the defendant fails to lodge any objection at the ending of the sentencing hearing in response to a properly worded invitation from the court in compliance with *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), we review only for plain error" a challenge to the procedural reasonableness of the defendant's sentence. *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010); *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008) (discussing the *Bostic* question and observing that "while defendants do not need to raise the claim of substantive unreasonableness before the district court to preserve the claim for appeal, defendants must do so with respect to claims of procedural unreasonableness"). Because the district court asked the *Bostic* question and Condo did not lodge any objection to the district court's explanation of his sentence, we review the procedural reasonableness of his sentence for plain error and review the substantive reasonableness of his sentence under the abuse-of-discretion standard. Review of the sentencing transcript in this case reveals no plain error or abuse of discretion by the district court. The district court carefully considered the § 3553(a)

factors in determining Condo's sentence. The district court also addressed and rejected the argument that Condo's criminal history was overstated, and considered and rejected his arguments to vary or depart downwards, finding consideration of his personal history outweighed by the seriousness of his offense and the need to protect the public. Condo's within-guidelines sentence is therefore substantively and procedurally reasonable.

Condo did not argue below that his sentence violated the Eighth Amendment. Therefore, we review this issue for plain error only. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). No plain error occurred, as the Eighth Amendment forbids only sentences that are grossly disproportionate to the crimes of conviction. *United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011).

Although the district court acknowledged that it could have imposed a shorter sentence, it was not required to do so, and Condo's arguments are insufficient to disturb the district court's judgment. *See United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008). Accordingly, we **AFFIRM** the sentence imposed by the district court.