**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4400**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

JAMES AUBREY BROWN, IV,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:15-cr-00342-LO-1)

Submitted: March 14, 2017　　　　Decided: March 16, 2017

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey D. Zimmerman, JEFFREY ZIMMERMAN, PLLC, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Whitney Dougherty Russell, Assistant United States Attorney, Kevin M. Schneider, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Aubrey Brown, IV, appeals his jury conviction and the 120-month sentence imposed for enticing a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b) (2012). Brown asserts that the district court committed reversible error when it refused to issue an entrapment instruction to the jury, and when it refused to conduct an Eighth Amendment proportionality review and denied Brown's motion to strike the mandatory minimum sentence applicable to his crime. Finding no error, we affirm.

We discern no error in the district court's refusal to issue an entrapment jury instruction. Entrapment is an affirmative defense consisting of "two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Mathews v. United States, 485 U.S. 58, 63 (1988). To obtain an entrapment instruction, the initial burden is on the defendant to produce "more than a scintilla of evidence of entrapment." United States v. Hsu, 364 F.3d 192, 198 (4th Cir. 2004) (internal quotation marks omitted). Thus, a district court may refuse to issue an entrapment instruction "when there is no evidence in the record that, if believed by the jury, would show that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready

2

and willing to commit it." Id. at 199 (internal quotation marks omitted). We review de novo a district court's refusal to issue an entrapment instruction. See United States v. Hackley, 662 F.3d 671, 681 (4th Cir. 2011).

Evidence of email exchanges between Brown and an undercover agent reveal that Brown believed the agent to be a 13-year old girl, whom Brown repeatedly and aggressively pursued and pressured to meet him to have sex. Thus, there was not more than a "scintilla of evidence" that the Government induced Brown to commit the crime of which he was convicted, or that Brown lacked a predisposition to engage in the criminal conduct underlying his offense of conviction. See id. at 681 ("This circuit has repeatedly held that solicitation of the crime alone is not sufficient to grant the instruction, as that is not the kind of conduct that would persuade an otherwise innocent person to commit a crime." (internal quotation marks omitted)).

We also reject Brown's assertion that the district court erred when it denied his motion to conduct an Eighth Amendment proportionality review and strike the mandatory minimum sentence applicable to his crime. "[T]he Eighth Amendment contains a narrow proportionality principle, that does not require strict proportionality between crime and sentence[,] but rather forbids only extreme sentences that are grossly disproportionate to the crime." Graham v. Florida, 560 U.S. 48, 59-60 (2010) (internal

3

quotation marks omitted). When reviewing an as-applied challenge, we must first determine if the defendant showed there was an inference that his sentence was grossly disproportionate to his crime. United States v. Cobler, 748 F.3d 570, 579-80 (4th Cir. 2014) ("Given the shocking and vile conduct underlying these criminal convictions [for child pornography], we hold that Cobler has failed to substantiate the required threshold inference of gross disproportionality."). In the "rare case" that the defendant shows this inference, we must then compare the defendant's sentence "(1) to sentences for other offenses in the same jurisdiction; and (2) to sentences for similar offenses in other jurisdictions." Id. at 575. If the court does not find a threshold inference, "extended comparative analysis of a sentence is unnecessary to justify its constitutionality." Id. at 578. We review Eighth Amendment challenges to a sentence de novo. Id. at 574.

Contrary to Brown's suggestion, neither his lack of prior criminal history, nor the fact that he never actually placed any minors at risk of harm, renders his 120-month sentence "grossly disproportionate" to his crime. First, Congress chose to enact the mandatory minimum sentence for a violation of § 2422, and there is no reason to usurp the role of the legislature and impose a lower sentence. See Harmelin v. Michigan, 501 U.S. 957, 998 (1991) ("[T]he fixing of prison terms for specific

4

crimes involves a substantive penological judgment that, as a general matter, is properly within the province of legislatures, not courts." (internal quotation marks omitted)) (Kennedy, J., concurring). Moreover, protecting children from sexual exploitation clearly "constitutes a government objective of surpassing importance." Cobler, 748 F.3d at 580 (noting that defendant's "heinous acts exploited, injured, and inflicted great harm on a most vulnerable victim" (internal quotations omitted)). Notably, several courts have rejected Eighth Amendment challenges to the mandatory minimum sentence required by § 2422(b). See, e.g., United States v. Shill, 740 F.3d 1347, 1355-57 (9th Cir. 2014) (rejecting a categorical Eighth Amendment challenge to the mandatory minimum sentence under § 2422(b)); United States v. Hughes, 632 F.3d 956, 959 (6th Cir. 2011) (despite lacking a serious criminal history, "Hughes's ten-year sentence for attempting to entice a minor into sexual relations raises no inference that it is 'grossly disproportionate'"); United States v. Nagel, 559 F.3d 756, 762-65 (7th Cir. 2009) (rejecting facial and as-applied challenges to mandatory minimum sentence under § 2422(b)). We thus discern no error in the district court's decision to deny Brown's motion to strike the mandatory minimum sentence applicable to his crime and for proportionality review.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED