RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0082p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

*v.*

GULAM MUKHDOMI and ABIDA MUKHDOMI,

        *Defendants-Appellants*.

No. 25-3442

─────────────────

Appeal from the United States District Court for the Southern District of Ohio at Columbus.
Nos. 2:23-cr-00133-1; 2:23-cr-00133-2—Algenon L. Marbley, District Judge.

Decided and Filed:  March 17, 2026

Before:  STRANCH, READLER, and BLOOMEKATZ, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:** Ronald W. Chapman II, CHAPMAN LAW GROUP, Detroit, Michigan, for Appellants.  Kimberly Robinson, UNITED STATES ATTORNEY'S OFFICE, Columbus, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

BLOOMEKATZ, Circuit Judge.  Abida and Gulam Mukhdomi each pled guilty to one count of making false statements relating to health care matters with identical plea agreements containing appellate waivers.  As part of each of their sentences, the district court imposed a fine of $125,000.  On appeal, the Mukhdomis argue that the fines were procedurally and substantively unreasonable and unconstitutional under the Eighth Amendment's Excessive Fines Clause.  Because the Mukhdomis' appellate waivers bar their procedural and substantive

reasonableness challenges and because their Eighth Amendment challenge, even if not barred, fails on the merits, we affirm the district court's imposition of the fines.

## BACKGROUND

Abida and Gulam Mukhdomi were physicians who owned and operated Chronic Pain Resources, LLC, a pain management practice, and its accompanying laboratory. In June 2023, a federal grand jury returned a twenty-five count indictment charging both defendants with conspiracy to unlawfully distribute and dispense controlled substances, unlawful distribution and dispensing of controlled substances, conspiracy to commit health care fraud, health care fraud, and multiple counts of making false statements relating to health care matters. Abida Mukhdomi was also charged with one count of unlawful distribution and dispensing of oxycodone resulting in death.

Each defendant pled guilty to one count of making false statements relating to health care matters in exchange for the government's agreement to drop the other counts. Both plea agreements contained near-identical factual statements outlining the offense conduct. The Mukhdomis stipulated that they submitted 2,986 claims to government health care benefit programs for "medically unnecessary preliminary urine drug screens." Abida Plea Agrmt., R. 41, PageID 155; Gulam Plea Agrmt., R. 42, PageID 162. They further admitted that they were paid $166,632.22 from said benefit programs for the medically unnecessary preliminary urine drug screens.

With respect to the count of conviction, the Mukhdomis admitted that they "knowingly and willfully" made a "materially false or fraudulent representation" when submitting a reimbursement claim for a single medically unnecessary preliminary urine drug screen. Abida Plea Agrmt., R. 41, PageID 155; Gulam Plea Agrmt., R. 42, PageID 162. Each of their false statements cost the government $62.14.

Based on the factual statements, the plea agreements concluded that the appropriate sentence was restitution in the amount of $166,632.22 to be paid jointly and severally, along with a term of probation, term of supervised release, and fines and special assessments to be determined by the district court. The agreements set out the maximum statutory penalty,

including the maximum fine of $250,000. The agreements also contained appellate waiver provisions wherein the defendants waived "the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum." Abida Plea Agrmt., R. 41, PageID 152; Gulam Plea Agrmt., R. 42, PageID 159. During the plea hearing, the Mukhdomis confirmed their understanding of the appellate waiver and maximum statutory penalty, including the maximum fine, and the district court accepted their pleas.

At sentencing, the defendants objected to the imposition of any fine, arguing that a fine would be procedurally improper, unsupported by the record, and unconstitutional under the Eighth Amendment's Excessive Fines Clause. The district court, rejecting these arguments, determined that imposing fines was appropriate and constitutional. It further explained that fines above the Guidelines range of $5,500 to $55,000 were appropriate because the Mukhdomis' conduct "undermines public trust in the healthcare system, increases healthcare costs, and may encourage other physicians entrusted with patient care to act similarly." Op. & Order, R. 81-1, PageID 407. The district court sentenced the defendants to a five-year term of probation, restitution of $166,632.22 to be paid jointly and severally, and a fine of $125,000 each.

The Mukhdomis timely appealed, arguing again that the fines were both unreasonable and unconstitutional.

## ANALYSIS

### I. Appellate Waiver

As an initial matter, the government asks that we dismiss this appeal on the grounds that it is barred by the defendants' appellate waivers. We review the question of whether the Mukhdomis waived their right to appeal their sentences in valid plea agreements de novo. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). First, we ask whether the Mukhdomis' challenges fall within the scope of their appellate waivers. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). Second, we ask whether their appellate waivers were knowing and voluntary. *Id.* at 379. We apply this analysis to the Mukhdomis' arguments that the district court's imposition of the fines was both (1) procedurally and substantively unreasonable and (2) unconstitutional under the Eighth Amendment.

First, we conclude that the Mukhdomis' procedural and substantive reasonableness challenges to the fines are barred by their appellate waivers. These challenges fall within the scope of the waiver of "the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum." Abida Plea Agrmt., R. 41, PageID 152; Gulam Plea Agrmt., R. 42, PageID 159. The fines are part of their sentences, so these challenges plainly constitute a challenge to the sentences imposed. *See United States v. Grundy*, 844 F.3d 613, 616 (6th Cir. 2016) ("[B]y agreeing to waive his right to appeal his 'sentence,' [a] defendant waive[s] any challenges to each of the constituent elements of his sentence, including restitution."). And we have repeatedly held that procedural and substantive reasonableness challenges to a sentence fall within the scope of a general appellate waiver like the ones at issue here. *See, e.g.*, *United States v. Moon*, 808 F.3d 1085, 1088 (6th Cir. 2015) (substantive reasonableness); *United States v. Pitts*, 997 F.3d 688, 702 (6th Cir. 2021) (procedural reasonableness).

Next, the Mukhdomis knowingly and voluntarily waived their rights to raise these challenges. Although they make the conclusory argument that they "did not knowingly waive their right to [challenge] an unconstitutional and procedurally inappropriate fine," they do not make any specific argument as to why their waivers were unknowing. Appellants' Br. at 16. And there is nothing in the record to suggest that they did not understand the scope of their appellate waivers. The language of the plea agreements is clear that the Mukhdomis waived "the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum." Abida Plea Agrmt., R. 41, PageID 152; Gulam Plea Agrmt., R. 42, PageID 159. The Mukhdomis signed the plea agreements and attested to reading and reviewing every part of the agreements with their attorneys, understanding them, and voluntarily agreeing to them. At the plea hearing, the government explained the terms of the plea agreements, including the appellate waiver, and the Mukhdomis testified to understanding those terms. Based on this record, we conclude that the Mukhdomis knowingly and voluntarily agreed to their appellate waivers, so the waivers bar review of their procedural and substantive reasonableness challenges.

As to the Mukhdomis' Eighth Amendment challenge, we begin by noting that we have never adopted the defendants' position that appellate waivers "do not preclude review of

sentences that exceed lawful bounds or are unconstitutional." Appellants' Br. at 7. Instead, we have recognized limited exceptions to otherwise valid appellate waivers, including for ineffective assistance of counsel claims, *Toth*, 668 F.3d at 377, and in circumstances "where the sentence imposed is based on racial discrimination or is in excess of the statutory maximum," *United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012). In unpublished opinions, we have also suggested, without expressly holding, that a "miscarriage of justice" exception might apply to the enforcement of appellate waivers. *United States v. Mathews*, 534 F. App'x 418, 425 (6th Cir. 2013) (per curiam) (collecting cases).

We need not weigh in on whether any exception to the waiver applies here because, as explained below, the Mukhdomis' Eighth Amendment challenge fails on the merits. The appellate waivers do not pose a jurisdictional bar to our review of that challenge. *See United States v. Hack*, 999 F.3d 980, 983–84 (6th Cir. 2021). As the government noted, the Supreme Court heard a case on the exceptions to a general appellate waiver this term, and its decision may clarify the available exceptions. *Hunter v. United States*, No. 24-1063 (2026). But for now, we assume the Mukhdomis' Eighth Amendment challenge is not barred by their waivers and consider the challenge on the merits.

## II.     Eighth Amendment Challenge

The Mukhdomis argue that their $125,000 fines violate the Eighth Amendment. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. We review de novo whether a fine is excessive under the Eighth Amendment. *See United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011).

The "touchstone" of our analysis under the Eighth Amendment's Excessive Fines Clause is "the principle of proportionality," meaning that the fine imposed "must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). A punitive fine violates the Excessive Fines Clause's principle of proportionality if it is "grossly disproportional" to the gravity of the offense. *Id.*

As a threshold matter, the parties dispute which "offense" should guide our proportionality inquiry. *Id.* The Mukhdomis argue that the applicable offense is the specific conduct they pled to, meaning a single false statement relating to health care matters that cost the government $62.14, respectively. On the other hand, the government argues that the proportionality analysis looks to the actual conduct of the defendants, here, submitting 2,986 health care claims for medically unnecessary drug screens resulting in payment of $166,632.22.

We agree that the relevant offense is not the single statement but instead includes the additional relevant conduct the Mukhdomis admitted to in their plea agreements. Under the Sentencing Guidelines, the offense conduct includes "all acts and omissions committed" by the defendants "that occurred during the commission of the offense of conviction." U.S. Sent'g Guidelines Manual § 1B1.3 (U.S. Sent'g Comm'n 2025). And we have explained that "the goal" of this Guidelines provision "is to allow a court to impose sentences commensurate with the gravity of the offense." *United States v. Kappes,* 936 F.2d 227, 229 (6th Cir. 1991). Here, the Mukhdomis stipulated in their plea agreements and at the plea colloquy that the included factual statements formed the basis for their pleas. So the offense conduct was the entire scheme of submitting 2,986 claims for medically unnecessary drug screens resulting in payment of $166,632.22.

Given this Guidelines provision, we do not see why a district court cannot consider the full scope of the Mukhdomis' relevant offense conduct when imposing fines. The district court used the broader admitted-to fraudulent scheme when calculating the Mukhdomis' Guidelines offense level and the restitution amount, neither of which the defendants challenged in the district court or on appeal. The Mukhdomis nonetheless challenge the district court's use of those same stipulated facts for imposing the fine. But they provide no caselaw that supports limiting the relevant conduct a district court may consider for the purposes of the fine alone. And they do not provide a persuasive justification to distinguish between the offense that is the basis for restitution or imprisonment and the offense that is the basis for the fines. Instead, the defendants conclude that the Excessive Fines Clause "requires proportionality to the offense actually established by plea or verdict," Appellants' Br. at 13, but the offense established by their

plea is the entire course of submitting 2,986 fraudulent claims.  Accordingly, we hold that the plea agreements' stipulated facts define the offense for our Excessive Fines Clause analysis.

Having determined that the district court was allowed to look at the full scope of the relevant admitted conduct in imposing fines, we now evaluate whether the fine of $125,000 imposed on each defendant was grossly disproportional.  To determine whether the fine is grossly disproportional, we consider relevant factors including the nature of the Mukhdomis' offense and its relation to other criminal activity, their potential fine under the advisory Guidelines range, the maximum sentence and fine that the district court could have imposed, and the harm caused by their conduct.  *United States v. Zakharia*, 418 F. App'x. 414, 422 (6th Cir. 2011).

These factors, considered together, support the district court's fine.  The nature of the Mukhdomis' offense was an extensive fraudulent billing scheme that lasted an entire year and defrauded government benefits programs of $166,632.22.  The advisory Guidelines range was a fine of $5,500 to $55,000, so the $125,000 fine was more than double the top of the range.  But the maximum fine that the district court could have imposed was the greater of $250,000 or twice the loss amount, meaning $333,264.44.  *See* 18 U.S.C. §§ 1035, 3571(d).  Therefore, the fine of $125,000 was less than half the statutory maximum.  As the Supreme Court has explained, "judgments about the appropriate punishment for an offense belong in the first instance to the legislature."  *Bajakajian*, 524 U.S. at 336.  For this offense, the legislature authorized not only a significantly higher fine—dependent on the amount of the loss—but also five years' imprisonment, and the Guidelines range was twelve to eighteen months of imprisonment.  The district court sentenced the Mukhdomis to probation.  The Mukhdomis are correct that a fine is not constitutionally sound simply because it is below the statutory maximum, but these figures highlight the legislative judgment that their offenses were serious ones.  And while the defendants' fines were above the Guidelines range, their sentences to five-year terms of probation, in accordance with the plea agreement, were below the range.

Finally, we agree with the district court that the Mukhdomis caused significant harm because their conduct "undermines public trust in the healthcare system, increases healthcare costs, and may encourage other physicians entrusted with patient care to act similarly."  Op. &

Order, R. 81-1, PageID 407.  Although the defendants contend that the district court's award of full restitution was sufficient to remedy these harms, the district court may impose both a restitution award and a fine.  *United States v. Woods*, 367 F. App'x 607, 614 (6th Cir. 2010).  The restitution award compensated the government for the monetary loss suffered, but the additional fines punished defendants for their intangible harm to the healthcare system and served as a potential deterrent to similar misconduct by others.  *See Zakharia*, 418 F. App'x at 422, 424; 18 U.S.C. § 3553(a)(2)(B).

We therefore reject the Mukhdomis' contention that the fines were grossly disproportional under the Eighth Amendment, and we affirm the district court's imposition of $125,000 in fines for each defendant.

## CONCLUSION

We affirm.